# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

**DOUGLAS COX**
City University of New York School of Law
2 Court Square
Long Island City, NY 11101

                  Plaintiff

    v.

Civil Action No. 17-cv-1337

**CENTRAL INTELLIGENCE AGENCY**
Washington, DC 20505

**NATIONAL ARCHIVES & RECORDS ADMINISTRATION**
700 Pennsylvania Avenue, NW
Washington, DC 20408

                  Defendants.

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is a Freedom of Information Act (FOIA), 5 U.S.C. § 552, suit for records improperly withheld by the Central Intelligence Agency (CIA) and the National Archives and Records Administration (NARA). FOIA requests at issue, one of which is more than seven years old, relate to CIA's history of improperly destroying records – including the destruction of decades of records documenting CIA covert operations, interrogation videotapes depicting torture, and a copy of the Senate Select Committee on Intelligence's (SSCI) report on CIA torture – and records relating to records threatened with that same fate: CIA's internal review of CIA torture, commonly known as the "Panetta Review."

## JURISDICTION AND VENUE

2. This court has both subject matter and personal jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district based on plaintiff's principal place of business pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff is an attorney and a Law Library Professor at the City University of New York School of Law. His principal place of business is at 2 Court Square, Long Island City, NY 11101.

4. Defendant CIA is an agency within the meaning of 5 U.S.C. § 552(f)(1).

5. Defendant NARA is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## PLAINTIFF'S FIRST NARA FOIA REQUEST

6. In February 2010, plaintiff submitted a FOIA request to NARA seeking, in relevant part, a copy of NARA's response to a December 2007 letter from Rep. Henry Waxman, then Chairman of the House Oversight and Government Reform Committee, to Allen Weinstein, then Archivist of the United States, which asked whether CIA's destruction of interrogation tapes violated the federal records laws and requested material in NARA's possession related to CIA recordkeeping.

7. NARA assigned reference number NGC 10-088 to the FOIA request and sought to fulfill its FOIA responsibilities with professionalism and all deliberate speed. Given that a portion of the records involved CIA, however, NARA consulted with CIA and significant delays resulted.

8. Four years later, in February 2014, NARA produced a CD of responsive records, the content of which graphically illustrated inconsistent and improper withholding.

The vast majority of the records consisted of unclassified correspondence between NARA and CIA. NARA's side of the correspondence was released with only minor redactions; CIA's side of the correspondence was largely denied in full.

9. In March 2014, plaintiff submitted a timely appeal to NARA.

10. In May 2014, NARA acknowledged the appeal and assigned it tracking number NGC 14-039A.

11. Three years later, the 20-day statutory period for NARA to adjudicate the appeal has run, defendants continue to improperly withhold records in violation of 5 U.S.C. § 552, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S SECOND NARA FOIA REQUEST

12. On May 19, 2016, plaintiff submitted a second FOIA request to NARA seeking (1) records of communications between NARA and CIA related to CIA's destruction of copies of the SSCI Report described in a news article, see Michael Isikoff, *Senate Report on CIA Torture is One Step Closer to Disappearing*, YAHOO NEWS, May 16, 2016; (2) records of communications between NARA and CIA related to the potential destruction of CIA records described in a second news article, Greg Miller & Adam Goldman, *CIA Uses 'Eyewash' to Dupe its Own Staff*, WASH. POST, Feb. 1, 2016; and (3) records of communications between NARA and CIA regarding the destruction of the CIA interrogation videotapes since November 2010.

13. On May 20, 2016, NARA assigned tracking number NGC 2016-0533 and on May 23, 2016 granted a fee waiver for the request.

3

14. The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant NARA is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S THIRD NARA FOIA REQUEST

15. On November 22, 2016, plaintiff submitted a third FOIA request to NARA making requests identical to the May 19, 2016 FOIA requests in order to ensure that any response would include any subsequent records.

16. The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant NARA is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S FIRST CIA FOIA REQUEST

17. On May 19, 2016, plaintiff submitted a FOIA request to CIA seeking (1) records of CIA's Office of Inspector General discussing or describing the loss, destruction, or deletion of copies of the SSCI Report, noting that the destruction had been described in a news article, see Michael Isikoff, *Senate Report on CIA Torture is One Step Closer to Disappearing*, YAHOO NEWS, May 16, 2016; (2) records of any other CIA component discussing this destruction; (3) records discussing which records retention schedules apply to the CIA's internal "Panetta Review" noting that CIA previously had represented to a federal court that no preservation order was necessary in relation to these records because the records were being preserved "in accordance with the CIA's record retention schedules;" and (4) records discussing the "Panetta Review" that contain certain words including "nonrecords," "working papers," or "Federal Records Act" and variations of those terms.

4

18. In a letter dated June 1, 2016, CIA assigned reference number F-2016-01803 to this FOIA request, but indicated that it was categorizing plaintiff into the "all other" fee category, which could result in search fees.

19. In a letter dated June 6, 2016, plaintiff contested CIA's treatment of plaintiff as an "all other" requester, rather than an educational requester, noting that plaintiff's request was specifically made to support his research and not for any commercial purpose.

20. In a letter dated June 13, 2016, CIA stated that it had reconsidered plaintiff's fee category and would treat plaintiff as an educational requester.

21. The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant CIA is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S SECOND CIA FOIA REQUEST

22. On November 22, 2016, plaintiff submitted a second FOIA request to CIA seeking (1) records discussing the "Panetta Review" that discuss whether those records are treated as permanent records, temporary records, or nonrecords; (2) a copy of CIA records schedule NC1-263-77-10, including any attachments or appendices, which is a records schedule for the then Directorate of Operations (DO); (3) a copy of a DO regulation regarding operational activity files referenced in a 1998 letter (a copy of which was attached to the FOIA request); (4) a copy of a CIA report that "detailed the volume of extant records on, and efforts to preserve the history of, CIA intelligence collection and covert actions" referenced in a 1998 letter (a copy of which was attached to the FOIA request); and (5) copies of seven DO records schedules written between 1958 and 1965 that were referenced in a 1998 CIA letter (a copy of which was attached to the FOIA request).

23. In a letter dated November 30, 2016, CIA assigned reference number F-2017-00336 to this FOIA request.

24. The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant CIA is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(1) Order defendants CIA and NARA to produce requested records;

(2) Award plaintiff costs as provided in 5 U.S.C. § 552(a)(4)(E); and

(3) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Douglas Cox
City University of New York School of Law
Two Court Square
Long Island City, NY 11101
(718) 340-4241
douglas.cox@law.cuny.edu

*Plaintiff*

Dated: March 9, 2017